# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-00243 |
| ) | Chief Judge Haynes |
| ) | |
| DAVID A. FLETCHER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before the Court are Defendant's motion to sever or in the alternative, motion for recusal (Docket Entry No. 140) to which the Government responded (Docket Entry No. 142), and the Government moves for a ruling (Docket Entry Nos. 143 and 146). Defendant seeks a severance of the charge of felon in possession of ammunition in Count One of the Superseding Indictment from the charges of knowingly making a false statement and obstruction of justice in Counts Two and Three, respectively, or in the alternative, for the Court to recuse itself from Counts Two and Three.

Defendant contends that under Fed. R. Crim. P. 8 Count One is misjoined with Counts Two and Three because the counts are not of the "same or similar character," and that the charge of felon in possession of ammunition, and allegations of perjury are not "connected with or constitute parts of a common scheme or plan." Defendant also seeks severance under Fed. R. Crim. P. 14, contending: (1) that he will be prejudiced as to Count One as the jury will hear evidence that Defendant gave false testimony as alleged in Counts Two and Three; (2) that a joint trial will confuse the jury who will be asked to separate facts between two different offenses and elements, one that

occurred in August 2009 and the other in December 2011 during a suppression hearing; (3) that the Government should not be allowed to join counts to strengthen a potentially weak case as the jury would not know Defendant had a prior felony drug conviction or was charged with possession of ammunition if there were two separate trials; (4) that Defendant may elect to testify about the charges in Counts Two and Three, but may elect not to testify as to the allegations in Count One; and (5) that the Court may be called as a witness as to the materiality of Defendant's alleged false statements at the suppression hearing, so that a severance and perhaps recusal of the Court are necessary for Counts Two and Three.

In response, the Government contends that the perjury and obstruction of justice counts are connected and therefore properly joined with the felon in possession count because Defendant committed perjury and obstruction of justice at a hearing regarding the felon in possession count. The Government contends that even if the counts were severed, evidence of Defendant's attempt to obstruct justice would be introduced at the felon in possession trial as evidence of criminal intent and state of mind and felon in possession evidence would be offered to show Defendant's motive for committing perjury and obstruction of justice. The Government further contends (1) that the counts are not so complicated that the jury would be unable to consider each count separately in a joint trial; (2) that Defendant has neither made a convincing showing that he has important testimony to give as to the perjury/obstruction counts, nor a strong need to refrain from testifying on the felon in possession count; and (3) that the Court need not recuse itself because the Court is not an indispensable witness as there are multiple witnesses to Defendant's testimony and its impact and the Government does not intend to call the Court as a witness and Defendant has only stated that he "may" call the Court as a witness.

# I. MOTION TO SEVER

## A. Procedural History

On October 7, 2009, Defendant, David A. Fletcher, was indicted in the Middle District of Tennessee for being a felon in possession of ammunition. Prior to trial, Defendant filed a motion to suppress certain evidence seized by the Government and statements allegedly made at the time of his arrest on August 7, 2009. On December 9, 2011, the Court conducted a hearing on the motion to suppress. (Docket Entry No. 84). On May 2, 2012, the Court entered an Order denying defendant's motion to suppress. (Docket Entry No. 99). On August 21, 2012, Defendant's jury trial commenced. On August 23, 2012, a mistrial was declared by the Court based on the jury's failure to reach a unanimous verdict on the charge of felon in possession. (Docket Entry No. 112). As a result of Defendant's testimony at the suppression hearing, on February 20, 2013, the Government filed a Superseding Indictment with the felon in possession charge and adding Counts Two and Three, false testimony and obstruction, in violation of 18 U.S.C. §§ 1623(a) and 1503.

## B. Conclusions of Law

Defendant's motion is based upon Fed. R. Crim. P. 8(a) and 14. Rule 8(a) applies to separate counts that to be joined for trial must be "of the same or similar character, or based on the same act or transaction, or connected with or constitute parts of a common scheme or plan." The purpose of Rule 8(a) is "'to promote the goals of trial convenience and judicial efficiency.'" United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006) (citation omitted). "Whether joinder [is] proper under Rule 8(a) is determined by the allegations on the face of the indictment." United States v. Chavis, 296 F.3d 450, 456 (6th Cir. 2002) (citations omitted). The Court has "no discretion" in granting severance "[i]f joinder of . . . multiple offenses does not comply with the requirements of
3

Rule 8." Id. (citation omitted). Yet, "'[i]f the offenses arise out of separate and unrelated transactions, there is likely to be little savings in time and money in having a single trial.'" Id. at 460 (quoting Charles Alan Wright, 1A Federal Practice and Procedure: Criminal § 143 (3d ed. 1999)).

"Rule 14 authorizes a defendant to move for severance in situations in which joinder of multiple offenses or defendants is proper under Rule 8, but nonetheless would be prejudicial to the defendant." Id. at 457 (citing Zafiro v. United States, 506 U.S. 534, 538 (1993) (parenthetical omitted) and Schaffer v. United States, 362 U.S. 511, 514 (1960)). Thus, "Rule 14(a) is permissive, not mandatory." United States v. James, 496 F. App'x 541, 546 (6th Cir. 2012). Under Rule 14(a) of the Federal Rules of Criminal Procedure, if an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "When the risk of prejudice is high, . . . limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. "'[A]bsent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance.'" Tran, 433 F.3d at 478 (quoting United States v. Johnson, 763 F.2d 773, 777 (6th Cir. 1985)). A defendant seeking severance "has a heavy burden of showing specific and compelling prejudice." United States v. Harris, 9 F.3d 493, 500 (6th Cir. 1993).

Here, Defendant's perjury and obstruction of justice charges are connected to the felon in possession of ammunition charge as Defendant allegedly perjured himself when testifying at the December 9, 2011 suppression hearing concerning the felon in possession count. If the counts were severed, evidence of Defendant's alleged perjury and obstruction of justice would be introduced at Defendant's trial on the felon in possession count as evidence of Defendant's criminal intent and state of mind. See United States v. Murphy, 836 F.2d 248, 255 (6th Cir. 1988) ("Had the defendant

sought and obtained a severance of the obstruction and perjury charges from the mail fraud charges, the evidence of defendant's conduct which formed the basis of the mail fraud prosecutions would have been admissible under the provisions of Evidence Rule 404(b) to set in proper perspective the defendant's conduct as it related to the obstruction and perjury charges."); United States v. Little Dog, 398 F.3d 1032 (8th Cir. 2005) (concluding that defendant's obstruction charge was connected to and interrelated with the sexual abuse charges, as evidence of defendant's attempt to tamper with or influence witnesses would have been admissible in his sexual abuse trial to show criminal intent and state of mind and evidence of the sexual abuse charges would be required to show defendant's motive for seeking to influence witnesses giving false testimony in a separate trial for obstruction); United States v. Potamitis, 739 F.2d 784, 791 (2d Cir. 1984) (where defendant was jointly tried for bank larceny, interstate transportation of stolen property, and conspiracy with making fraudulent statements to the FBI, perjury before the grand jury, and obstruction of justice, the Second Circuit stated, "The law in this circuit clearly supports the joinder of underlying substantive crimes with perjury counts where, as here, the false declarations concern the substantive offenses.").

Further, the Court concludes that Defendant would not be prejudiced by joinder of the counts and any threat of a spillover effect could be remedied by jury instructions instructing the jury that each count is to be considered separately and guilt on one count does not mean guilt on another count. See Murphy, 836 F.2d at 256 (where the Sixth Circuit noted that "the mail fraud charges constituted conceptually a totally separate type of crime from that of obstructing justice and perjury," it found "no prejudicial 'spillover' effect requiring a vacation of the convictions for obstructing justice and perjury . . . ."); accord Callanan v. United States, 881 F.2d 229, 236 (6th Cir. 1989). A jury "is presumed capable of sorting out evidence and considering each count and each defendant

5

separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987). Here, the counts involve Defendant illegally possessing ammunition and lying about whether he had a driver's license registered to the apartment where he was arrested in an effort to distance himself from the location where the ammunition was seized. Thus, the Court concludes that the proof of Count One and proof of Counts Two and Three are not so complex that it will be difficult for the jury to compartmentalize the proof of the separate counts. United States v. Cody, 498 F.3d 582, 587 (6th Cir. 2007) ("Prejudicial joinder is particularly unlikely 'where it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning the different offenses charged.'") (quoting United States v. Chavis, 296 F.3d 450, 462 (6th Cir.2002) (quotation marks omitted)).

Defendant argues that he would be prejudiced because he may wish to testify in relation to the perjury/obstruction counts, but not the felon in possession count. When a defendant seeks a severance based on his desire to testify about one or some of the counts, but not all, the defendant must make "a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." United States v. Bowker, 372 F.3d 365, 385 (6th Cir.2004), vacated on other grounds, 543 U.S. 1182 (2005) (quoting United States v. Martin, 18 F.3d 1515, 1518-19 (10th Cir.1994)). As the Tenth Circuit explained:

> "[I]t is essential that the defendant present enough information-regarding the nature of the testimony that he wishes to give on one count and his reasons for not wishing to testify on the other-to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying."

Martin, 18 F.3d at 1518-19 (citation omitted).

In Bowker, the Sixth Circuit found that the defendant only made vague assertions regarding his potential testimony and, thus, failed to make a convincing showing as to what his testimony would be on certain counts and made no showing as to his strong need to refrain from testifying on the other count. The Sixth Circuit stated:

> It is clear that Bowker failed to make a "convincing showing" that he had important testimony concerning the interstate stalking and telephone harassment counts, as well as a "strong need" to refrain from testifying on the mail theft count. Indeed, his motion to sever provided absolutely no indication as to what his testimony would be on the stalking and harassment counts, stating only that his testimony was "anticipated to be crucial" because these crimes have a specific intent requirement. In addition, Bowker showed absolutely no need to avoid testifying on the mail theft count, merely arguing that his testimony on this count was "not needed" because mail theft lacks a specific intent requirement. Such non-specific assertions of prejudice are insufficient to warrant severance under Rule 14.

Id. at 385.

Here, Defendant has failed to make a "convincing showing" that he has important testimony to give regarding the perjury/obstruction counts, or a "strong need" to refrain from testifying on the felon in possession count. Defendant provides "absolutely no indication as to what his testimony would be" as to the perjury/obstruction counts, merely stating that he "may elect to testify about the allegations in Counts Two and Three," (Docket Entry No. 141, Defendant's memorandum in support at 6). Defendant also fails to show a "strong need" to refrain from testifying on the felon in possession count, only stating that "If Defendant Fletcher elects not to testify as to Count One, consequently he cannot testify as to Counts Two and Three, so that he could be unfairly giving up his right to produce a 'good faith' defense to the perjury and obstruction charges." Id. at 7. A defendant must present sufficient information as to his reasons for not wishing to testify because "[i]f a defendant's desire not to testify on a particular count, without more, amounted to a compelling need

7

not to testify, then required severance would be the rule, and not the exception." United States v. Jones, 530 F.3d 1292, 1301 (10th Cir. 2008). Accordingly, these "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." Bowker, 372 F.3d at 385; Martin, 18 F.3d at 1518-19.

Defendant next contends that the Court must recuse itself because the Court may be called as a witness to determine the materiality of Defendant's alleged false statements under 18 U.S.C. § 1623(a). To prove perjury in violation of 18 U.S.C. § 1623(a), the government must prove that the defendant: (1) knowingly made (2) a materially false declaration (3) under oath (4) in a proceeding before or ancillary to any court of the United States. United States v. Lee, 359 F.3d 412, 416 (6th Cir. 2004). "A statement is material if 'it has the natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed.'" Id. (quoting United States v. McKenna, 327 F.3d 830, 839 (9th Cir. 2003) (citation omitted)). The government, however, is not required to "prove that the perjured testimony actually influenced the relevant decision-making body." Id. Moreover, "materiality is tested *at the time the allegedly false statement was made.*" Id. (emphasis in original) (citation omitted).

Under 28 U.S.C. § 455(a), a judge shall disqualify himself in any proceeding where his or her impartiality might reasonably be questioned. In particular, a judge shall disqualify himself when the judge "[i]s to the judge's knowledge likely to be a material witness in the proceeding." Id., § 455(b)(5)(iv). Yet, "[w]hile recusal might well be prudent when a perjury bench trial involves testimony from a proceeding over which the same judge presided, section 455(a) does not require it." United Stats v. Barrett, 111 F.3d 947, 951 (D.C. Cir. 1997) (citing United States v. Parker, 742 F.2d 127, 128-29 (4th Cir.) (§ 455 does not require a judge to recuse himself from perjury

prosecution for contradictory testimony at trial and hearing at both of which he presided), cert. denied, 469 U.S. 1076, 105 S.Ct. 575, 83 L.Ed.2d 514 (1984); Meng v. Schwartz, 97 F. Supp. 2d 56, 58 (D.D.C. 2000) ("Section 455(a), does not require recusal where a subsequent proceeding involves testimony from a prior case.").

There were other witnesses to Defendant's testimony at the suppression hearing. The Government submits that it does not intend to call the Court as a witness, (Docket Entry No. 142, Government's memorandum in support at 9), and Defendant states that he "may" call the Court as a witness. (Docket Entry No. 141 at 8-9). "'[U]nsubstantiated speculation' about the possibility that the judge will be required to be a material witness concerning a disputed issue is not enough to require recusal." United States v. Salemme, 164 F. Supp.2d 86, 111 (D. Mass 1998) (citing Murray v. Sevier, 929 F.Supp. 1461, 1467–68 (N.D. Ala.1996)); United States v. Kanahele, 951 F. Supp. 928, 944 (D. Hawaii 1996) ("[T]he Court has no knowledge of any facts relevant to this case outside those that appear in the record."); In re DeAtley Litigation, No. CV-06-0278-JLQ, 2008 WL 375086, at *6 (E.D. Wash. Feb. 11, 2008) ("A judge is not required to disqualify himself if the mere *possibility* exists that a judge might be called as a witness . . . and a judge is not a 'material' witness where there are other available witnesses who can give the same testimony or the judge's testimony can be obtained through other sources.") (emphasis added); United States v. Bronsan, No. CR 10–00068 WHA, 2010 WL 4502289, at *3 (N.D. Cal. Nov. 2, 2010) (motion to recuse denied where neither the government nor defendant suggested that they intended to call the judge as a witness or that there were not other means available to obtain any testimony that the judge would be required to provide). The underlying facts are contained in the transcript of the suppression hearing. See Docket Entry No. 88. The Court does not possess any knowledge of any relevant facts to this action

outside of the parties' submissions and testimony presented at the suppression hearing. Further, the materiality of Defendant's statements is a question for the jury. Accordingly, Defendant's contention that the Court must recuse itself fails.

## II. MOTIONS FOR A RULING

The Government requests that this Court rule on the outstanding motion to sever as thirty days have elapsed since the Government responded to Defendant's motion to sever.

Title 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act states, in relevant part, the following:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Id. "The Speedy Trial Act (the 'Act') requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or his first court appearance, whichever occurs later." United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007); 18 U.S.C. § 3162(a)(2).

The Act, however, provides excludable periods of time in calculating the number of days toward the seventy days. The Supreme Court has held that *any* pretrial motion filed under 18 U.S.C. § 3161(h)(1)(D)[1] automatically stops the Speedy Trial clock from running, irrespective of whether the motion has any impact on when the trial begins. United States v. Tinklenberg, _U.S._, 131 S.

---

[1]Title 18 U.S.C. § 3161(h)(1)(D) provides:

The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence-- delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]

10

Ct. 2007, 2012, 2016 (2011). According to the Sixth Circuit, "[a] court should exclude all the days during which it is waiting to receive information necessary to decide a pending pre-trial motion." United States v. Jenkins, 92 F.3d 430, 438 (6th Cir. 1996). Yet, "after the court receives all the information necessary to decide a motion, a maximum of thirty days can be excluded on the theory that the court has taken the matter 'under advisement.'" Id. at 439; see 18 U.S.C. § 3161(h)(1)(H) (The Speedy Trial Act excludes a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.").

"Delays due to continuances granted by the court are excluded from the time within which a trial must start under the Speedy Trial Act if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" United States v. Stewart, 628 F.3d 246, 253 (6th Cir. 2010) (quoting 18 U.S.C. § 3161(h)(7)(A)). Under 18 U.S.C. § 3161(h)(7)(A), the district court "must set forth, either orally or in writing, its reasons for finding that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial." Gardner, 488 F.3d at 718; 18 U.S.C. § 3161(h)(7)(A). "If the court does not provide properly explainable reasons, the resulting delay is not excludable." Id. A "district court has wide latitude in deciding how to exercise its discretion in applying the ends-of-justice provision of the Speedy Trial Act that governs whether a continuance should be granted." Stewart, 628 F.3d at 253.

On February 20, 2013, the Government filed a Superseding Indictment. At a March 1, 2013 status conference, the trial in this action was continued in the interests of justice, and counsel were to submit a proposed new trial date. (Docket Entry No. 137). On March 15, 2013, Defendant filed

a motion to extend the time for filing pretrial motions that was granted and on April 12, 2013 filed his motion to sever. The parties have not submitted a proposed trial date.

As the parties did not submit a proposed trial date and a trial date does not exist, the Court concludes that the time in deciding these motions is excludable as the continuing ends of justice outweigh the best interests of the public and the defendant in a speedy trial.

### III. CONCLUSION

Accordingly, for the above stated reasons, the Court concludes that Defendant's motion to sever or in the alternative, motion for recusal (Docket Entry No. 140) should be denied and the Government's motions for a ruling (Docket Entry Nos. 143 and 146) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of July, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Judge