IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:09-00243-001 |
| v. ) | JUDGE HAYNES |
| ) | |
| DAVID A. FLETCHER ) | |
| ) | |

**MOTION IN LIMINE NO. 1 – EXCLUDE EXTRANEOUS
ITEMS OF EVIDENCE SEIZED ON AUGUST 7, 2009**

David A. Fletcher moves this Court to exclude evidence pursuant to Rule 403 of the *Federal Rules of Evidence*. Mr. Fletcher is charged in count one with being a felon in possession of ammunition on or about August 7, 2009. Mr. Fletcher is charged in counts two and three with providing false testimony in a judicial proceeding.[1]

Federal Rule of Evidence 403 provides a general safeguard against the admission of unnecessarily prejudicial evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

When agents with the United States Marshals Task Force found the ammunition in the apartment at the time of Mr. Fletcher's arrest, they also found a number of other items, including: social security cards, state I.D.'s, business cards, badges, and photographs which included Mr. Fletcher holding what appears to be a real firearm. Mr. Fletcher is not charged with possession of any of these items, or with possessing a firearm. Therefore the evidence is of

---

[1] Superseding Indictment; Docket Entry No. 131.

1

little probative value. On the other hand, the evidence would in all likelihood severely prejudice Mr. Fletcher because the items make it appear he is a man of violent character, or an impersonator, or simply a thug - just the type of person the government will in all likelihood argue to the jury possesses ammunition.

Mr. Fletcher moves the Court to: (1) instruct the government and the government's witnesses in this cause not to mention, or in any way bring before the jury, the items seized in the search on August 7, 2009 as such testimony or comment would prejudice the rights of Mr. Fletcher, or in the alternative; (2) instruct the government not to mention such matters, or to introduce the evidence, without first approaching the bench and making known to the Court and defense counsel, outside the presence and hearing of the jury, that it intends to offer such proof. This will allow the Court to rule on any such evidence outside of the presence of the jury.

The evidence is not admissible for any other purpose and any probative value is substantially outweighed by its prejudicial effect upon the jury. See, Rule 403 of the *Federal Rules of Evidence.*

                **THE LAW OFFICE OF DAVID L. COOPER, P.C.**

                 s/ David L. Cooper
                **DAVID L. COOPER, BPR# 11445**

                Third Avenue North Building
                208 Third Avenue, North
                Suite 300
                Nashville, TN 37201
                (615) 256-1008

                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing **Motion in Limine No. 1 – Exclude Extraneous Evidence Seized on August 7, 2009** has been delivered by the Court's CM/ECF system to **Braden H. Boucek, Esq.,** Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203, on this 28th day of March, 2014.

                                                  s/ DAVID L. COOPER
                                                  **DAVID L. COOPER**