IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:09-00243-001 |
| v. | ) | JUDGE HAYNES |
| | ) | |
| DAVID A. FLETCHER | ) | |
| | ) | |

**MOTION IN LIMINE NO. 2 – EXCLUDE EVIDENCE
AS TO THE PRIOR POSSESSION OF AIR PISTOLS**

David A. Fletcher moves this Court to exclude evidence pursuant to Rule 403 and 404(b) of the *Federal Rules of Evidence*. It is believed the government attempt to introduce evidence at trial regarding possession of certain air pistols (without ammunition) as a result of two incidents on June 2, 2009 and January 26, 2011. This evidence is irrelevant and not material to Mr. Fletcher's alleged possession of ammunition on August 7, 2009, and, if introduced, would impermissibly attempt to show that Mr. Fletcher is of violent character and the type of individual who would possess such ammunition.

Mr. Fletcher moves the Court to: (1) instruct the government and the government's witnesses not to mention, or in any way bring before the jury, any matters as such testimony or comment would prejudice the rights of Mr. Fletcher and violate the laws of the United States and; (2) instruct the government not to mention about the air pistols, or to introduce evidence of them, without first approaching the bench and making known to the Court and defense counsel, outside the presence and hearing of the jury how it intends to offer such proof. This will allow the Court to rule on any such evidence outside of the presence of the jury, considering the objections by Mr. Fletcher. Evidence of the fake air pistols, which are legal for Mr. Fletcher to

1

possess, are not admissible for any other purpose and any probative value is substantially outweighed by its prejudicial effect upon the jury under Rule 403 of the *Federal Rules of Evidence.*

I. **BACKGROUND**

Mr. Fletcher is charged in count one of the indictment with being a felon in possession of ammunition - <u>real ammunition</u>, not air gun ammunition - on or about August 7, 2009.

According to the government, on June 2, 2009, Officer Malcolm Morris allegedly searched Mr. Fletcher's vehicle and recovered an air pistol resembling the air pistol that was recovered in this action.

On or about January 26, 2001, Officer Josh Baker conducted a traffic stop of Mr. Fletcher and observed an air pistol in defendant's vehicle.

Mr. Fletcher contends that these incidents should be excluded under Rule 404(b), and any slight probative value is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

II. **LAW AND ARGUMENT**

Federal Rule of Evidence 404(b) states:

Evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show action in conformity therewith. It
may, however, be admissible for other purposes, such as proof of motive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

However, Rule 404(b) must be considered in light of Rule 403, which provides a general safeguard against the admission of unnecessarily prejudicial evidence:

Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of
the issues, or misleading the jury, or by considerations of undue delay,
waste of time, or needless presentation of cumulative evidence.

The possession of a <u>fake</u> air pistol on one date does not demonstrate any knowledge of possessing or intent to possess <u>real ammunition</u> on a different date. First of all, one does not work with the other. Second, the government may be planning to argue that the prior air gun possessions establish some type of modus operandi as to Mr. Fletcher. This argument is unavailing. If the government is attempting to show that it was Mr. Fletcher's "modus operandi" to possess an air gun and (real) ammunition - because those two items were found together when Mr. Fletcher was arrested - possessing only a fake air gun is not evidence of any pattern. If anything, it is evidence that when Mr. Fletcher had an air gun, he did not have ammunition. It will simply confuse the jury.

There is simply no connection between the other air guns and Mr. Fletcher's indictment - the probative value of the evidence is practically nothing, if the evidence is even relevant at all.

On the other hand, showing that Mr. Fletcher was the type of a man who liked to carry an air pistol (which can appear genuine to the casual observer) is prejudicial because it has the very real possibility to portray him as a man of violence. Moreover, the jury will be inclined to believe that the air gun found with the ammunition when he was arrested on August 7, 2009 was the same air gun as in these other instances - a fact for which there is no proof. Clearly, it will confuse the jury and issues at trial.

The Sixth Circuit has set forth a three-step process for determining the admissibility of evidence of other acts under Rule 404(b). *United States v. Gessa,* 971 F. 2d 1257, 1261-62 (6th Cir. 1992) (en banc). The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred. *Id.,* at 1261. If so, the district court must decide whether the evidence of the other act is "probative of a material issue other than character." *United States v. Johnson,* 27 F.3d 1186, 1191 (6th Cir. 1994) (*quoting*

3

*Huddleston v. United States,* 485 U.S. 681, 686, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Id.* Finally, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Johnson,* 27 F. 3d at 1190.

### III. CONCLUSION.

For these reasons, the government should be prohibited from introducing evidence of that he possessed air guns on other occasions under Rules 403 and 404(b). Such evidence is unrelated to the instant offense and does not tend to prove any of the permissible factors under Rule 404(b). *See United States v. Merriweather,* 78 F.3d 1070, 1074 (6th Cir. 1996). Further, the minimal probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. This is exactly the type of character evidence that Rule 404(b) was designed to prevent. If the Court elects to permit the evidence, counsel for Mr. Fletcher requests a limiting instruction as to the proper use of the evidence. *Merriweather, supra,* 78 F.3d at 1077 (the district court should "instruct the jury as to the specific purpose for which they may consider the evidence.").

**THE LAW OFFICE OF DAVID L. COOPER, P.C.**

  s/ David L. Cooper
**DAVID L. COOPER, BPR# 11445**
Third Avenue North Building
208 Third Avenue, North
Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Motion in Limine No. 2 – Exclude Evidence Of Prior Possessions Of Air Pistols** has been delivered by the Court's CM/ECF system to **Braden H. Boucek, Esq.,** Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203, on this 28th day of March, 2014.

     s/ DAVID L. COOPER
     **DAVID L. COOPER**