IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:09-00243-001 |
| v. ) | JUDGE HAYNES |
| ) | |
| DAVID A. FLETCHER ) | |
| ) | |

## MOTION IN LIMINE NO. 3 – EXCLUDE EVIDENCE OF A YOUTUBE VIDEO OF DEFENDANT FLETCHER

David A. Fletcher moves this Court to exclude evidence pursuant to Rule 403 and 404(b) of the *Federal Rules of Evidence*. The government may attempt to introduce a Youtube video created by Darren Dixon, and which features Mr. Fletcher and Darron Grundman demonstrating certain techniques and equipment involved with being a bounty hunter. The evidence is prejudicial and not admissible under Rule 404(b), or any other provision of law.

Federal Rule of Evidence 404(b) states:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

However, Rule 404(b) must be considered in light of Rule 403, which provides a general safeguard against the admission of unnecessarily prejudicial evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Sixth Circuit has set forth a three-step process for determining the admissibility of evidence of other acts under Rule 404(b). *United States v. Gessa,* 971 F. 2d 1257, 1261-62 (6th

1

Cir. 1992) (en banc). The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred. *Id.,* at 1261. If so, the district court must decide whether the evidence of the other act is "probative of a material issue other than character." *United States v. Johnson,* 27 F.3d 1186, 1191 (6th Cir. 1994) (*quoting Huddleston v. United States,* 485 U.S. 681, 686, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Id.* Finally, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Johnson,* 27 F. 3d at 1190.

It is unclear how the government intends to make the evidence relevant in this action. Undersigned counsel submits the Youtube video, which at times demonstrates the use of a weapon, is unduly prejudicial, confuses the issues, and the slight probative value is outweighed by its prejudicial effect.

The government should be prohibited from introducing evidence of the Youtube video under Rules 404(b) and 403. Mr. Fletcher moves the Court to exclude the evidence, and instruct the government and its witnesses not to mention it at the trial of this matter. In the alternative, Mr. Fletcher moves the Court to instruct the government not to mention the video without first approaching the bench and making it known, outside the presence and hearing of the jury, that it intends to offer such proof and for what reason so as to allow the Court to rule on the video outside of the presence of the jury.

2

THE LAW OFFICE OF DAVID L. COOPER, P.C.

   s/  David L. Cooper
**DAVID L. COOPER, BPR# 11445**

Third Avenue North Building
208 Third Avenue, North
Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing **Motion in Limine No. 3 – Exclude Evidence of a Youtube Video** has been delivered by the Court's CM/ECF system to **Braden H. Boucek, Esq.,** Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203, on this 28th day of March, 2014.

   s/  DAVID L. COOPER
**DAVID L. COOPER**

3