IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:09-00243-001 |
| v. | ) | JUDGE HAYNES |
| | ) | |
| DAVID A. FLETCHER | ) | |
| | ) | |

**MOTION IN LIMINE NO. 4 – EXCLUDE EVIDENCE OF PRIOR BAD ACTS
AS TO DEFENDANT'S ARREST IN ROBERTSON COUNT, TENNESSEE**

David A. Fletcher moves this Court to exclude evidence pursuant to Rule 403 of the *Federal Rules of Evidence.* Mr. Fletcher is charged in count one with being a felon in possession of ammunition on or about August 7, 2009. He is also charged in counts two and three with providing false testimony in a judicial proceeding.[1]

Federal Rule of Evidence 403 provides a general safeguard against the admission of unnecessarily prejudicial evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

On August 7, 2009 when agents with the United States Marshals Task Force arrested Mr. Fletcher, it had a capias issued from the Robertson County Criminal Court for aggravated burglary and aggravated assault. The capias issued for Mr. Fletcher was the result of an indictment that was returned on May 21, 2009. The action was ultimately dismissed by a *nolle prosequi* filed on November 20, 2009.

---

[1] Superseding Indictment; Docket Entry No. 131.

1

The underlying facts which formed the basis of the state court indictment consisted of allegations that in December 2008, Mr. Fletcher and others, while acting in the capacity of bounty hunters, improperly attempted to apprehend an individual at his home in Springfield. During the encounter, it was alleged that Mr. Fletcher committed the offenses of aggravated assault and aggravated burglary. Both charges were dismissed by the State. There were also allegations in the police reports that Mr. Fletcher attempted to impersonate a federal agent.

Mr. Fletcher moves the Court to instruct the government and the government's witnesses not to mention, or bring before the jury, the underlying facts from the incident in Springfield, Tennessee in December 2008 which formed the basis for his arrest on August 7, 2009, or that he was alleged to have impersonated a federal agent as such testimony or comment would prejudice the rights of Mr. Fletcher for a fair trial, particularly as to counts two and three. The underlying facts why agents were at 600 Heritage Drive on August 7, 2009 to arrest Mr. Fletcher is not probative, or relevant.

In the alternative, Mr. Fletcher requests the Court instruct the government not to mention the above matters, or to introduce the evidence, without first approaching the bench and making known to the Court and defense counsel, outside the presence and hearing of the jury, that it intends to offer such proof and the reason for the introduction of the evidence. This will allow the Court to rule on the evidence outside of the presence of the jury.

Such evidence is not admissible for any other purpose and any probative value is substantially outweighed by its prejudicial effect upon the jury. See, Rule 403 of the *Federal Rules of Evidence.*

2

Case 3:09-cr-00243   Document 187   Filed 03/28/14   Page 2 of 3 PageID #: 1233

THE LAW OFFICE OF DAVID L. COOPER, P.C.

s/ David L. Cooper
**DAVID L. COOPER, BPR# 11445**

Third Avenue North Building
208 Third Avenue, North
Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Motion in Limine No. 4 – Exclude Evidence from State Court Proceedings in Robertson County, Tennessee** has been delivered by the Court's CM/ECF system to **Braden H. Boucek, Esq.,** Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203, on this 28th day of March, 2014.

s/ DAVID L. COOPER
**DAVID L. COOPER**