IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:09-00243-001 |
| v. ) | JUDGE HAYNES |
| ) | |
| DAVID A. FLETCHER ) | |
| ) | |

## MOTION IN LIMINE NO. 5 – EXCLUDE EVIDENCE OF PRIOR BAD ACTS

David A. Fletcher moves this Court to exclude evidence pursuant to Rule 403 of the *Federal Rules of Evidence*. Mr. Fletcher is charged in count one with being a felon in possession of ammunition on or about August 7, 2009. Mr. Fletcher is also charged in counts two and three with providing false testimony in a judicial proceeding.[1]

Federal Rule of Evidence 403 provides a general safeguard against the admission of unnecessarily prejudicial evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The government may attempt to introduce evidence of an event on or about November 21, 2006 at 1628 Shelby Avenue, Nashville, Tennessee. A Metro police report details an incident involving Mr. Fletcher, allegations of an assault against a person, and additional allegations that Fletcher and perhaps others impersonated federal agents while acting as bounty

---

[1] Superseding Indictment, Docket Entry No. 131.

1

hunters during the incident. The reports go on to detail that Mr. Fletcher may have impersonated a federal agent on other occasions, including an event on December 20, 2007.[2]

Mr. Fletcher moves the Court to: (1) instruct the government and the government's witnesses in this cause not to mention, or in any way bring before the jury, the alleged incidents described herein as such testimony or comment would prejudice the rights of Mr. Fletcher, particularly as to counts two and three. In the alternative, Mr. Fletcher moves the Court to instruct the government not to mention the matters, or attempt to introduce the evidence, without first approaching the bench and making known to the Court and defense counsel, outside the presence and hearing of the jury, that it intends to offer such proof and the reason for the introduction of the evidence. This will allow the Court to rule on any such evidence outside of the presence of the jury.

Such evidence is not admissible for any other purpose and any probative value is substantially outweighed by its prejudicial effect upon the jury. See, Rule 403 of the *Federal Rules of Evidence*.

                                                 **THE LAW OFFICE OF DAVID L. COOPER, P.C.**

                                                   s/ David L. Cooper
                                               **DAVID L. COOPER, BPR# 11445**

                                               Third Avenue North Building
                                               208 Third Avenue, North
                                               Suite 300
                                               Nashville, TN 37201
                                               (615) 256-1008

                                               *Attorney for Defendant*

---

[2] It is believe that no charges were ever filed by state or federal officials as a result of these allegations.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing **Motion in Limine No. 5 – Prior Bad Acts of the Defendant** has been delivered by the Court's CM/ECF system to **Braden H. Boucek, Esq.,** Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203, on this 28th day of March, 2014.

                                        s/ DAVID L. COOPER
                                        DAVID L. COOPER